UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
COURT FILE NO: CV-

| | |
|---|---|
| SHARON COBB | ) |
|     Plaintiff | ) |
| v. | ) |
| CAVALRY PORTFOLIO SERVICES, LLC | ) |
|     Defendant | ) JURY TRIAL DEMANDED |

COMPLAINT

## I. INTRODUCTION

1. This matter is before the Court due to Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") in continuing to make phone calls to Plaintiff despite written notification to cease calling. Defendant also continued to attempt to collect an alleged debt despite failing to comply with the validation provisions of the FDCPA.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, false, deceptive, misleading and unfair practices.

3. Venue is proper in this District because Defendant transacts business within this District, the acts and transactions occurred in this District, and Plaintiff resides in this District.

## II. PARTIES

4. Plaintiff, Sharon Cobb, ("Plaintiff") is a natural person residing in Wyalusing, Bradford, Pennsylvania. Because Plaintiff is allegedly obligated to pay a debt ("Subject debt") which was primarily used for family, personal or household purposes, she is a consumer within the meaning of FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant, Cavalry Portfolio Services, LLC ("Defendant or Cavalry") is, upon information and belief, a professional corporation whose address is listed as 500 Summit Lake Drive, Valhalla, NY 10595 and, at all times relevant herein and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), who acted by and through its owners, managers, officers, shareholders, authorized representatives, partners, employees, agents and/or workmen.

6. Defendant, at all times relevant hereto, is considered a person who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of allegedly defaulted debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts.

### III. FACTUAL ALLEGATIONS

7. On or about February 28, 2019, Cavalry sent an initial collection letter to Plaintiff in an attempt to collect an alleged debt. A true and correct copy of the letter is attached hereto as Exhibit "A".

8. On March 4, 2019, Cavalry called Plaintiff in an attempt to collect the debt.

9. On or about March 12, 2018, Plaintiff sent a letter ("The Letter") to Defendant in which she disputed and requested validation of the alleged debt.

10. Plaintiff's letter also requested that Cavalry "Cease and Desist all future telephone communication" with her. A true and correct copy of the letter is attached hereto as Exhibit "B".

11. Cavalry received the letter from Plaintiff.

12. Despite having been notified by Plaintiff to cease all further telephone communications with her, Defendant continued to call Plaintiff.

13. On or about May 7, 2019, Cavalry, by and through its legal counsel, sent a collection letter to Plaintiff which failed to comply with the validation requests of Plaintiff. A true and correct copy of the letter is attached hereto as Exhibit "C".

14. The May 7, 2019 collection letter was sent, despite Plaintiff having exercised her rights under Defendant violated 15 U.S.C. § 1692g.

15. Defendant's actions are in violation of the FDCPA as further set forth below.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. section 1692, et seq.

16. Plaintiff incorporates her allegations of paragraphs 1 through 13 as though set forth at length herein.

17. Defendant's actions as aforestated are overshadowing, false, deceptive, material, and misleading to Plaintiffs as follows:

(a) Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person;

(b) Defendant violated 15 U.S.C. § 1692c(c) by communicating with a consumer after written notification to cease all telephone communications;

(c) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to attempt to collect Plaintiff's alleged debt;

(d) Defendant violated 15 U.S.C. § 1692g(b) by failing to cease collection efforts until the debt is validated.

18. Plaintiff has been seriously damaged by Defendant's violations of the FDCPA and is entitled to actual damages, compensatory damages, costs and attorneys' fees.

19. As a direct and proximate result of Defendant's telephone calls and other actions set forth herein, Plaintiff has suffered damages by Defendant's invasion of her privacy, mental anguish, anxiety, frustration, confusion, fear, anger and anxiety and not having access to her phone while Cavalry was calling her.

20. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorneys' fees and costs in accordance with 15 U.S.C. § 1692k.

## CLAIMS FOR RELIEF

21. Plaintiff incorporates his allegations of paragraphs 1 through 20 as though set forth at length herein.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

23. As a result of each of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Sharon Cobb, prays that judgment be entered against Defendant, for the following:

(1) Actual damages;

(2) Statutory damages each in the amount of $1,000.00;

(3) Reasonable attorneys' fees and costs;

(4)     Declaratory judgment that the Defendants conduct violated the FDCPA;

(5)     Such other and further relief that the Court deems just and proper.

<h3 style="text-align:center"></h3>

### V.  DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demand a trial by jury.


Respectfully submitted,

_____
Law Office of Michael P. Forbes, P.C.
By: Michael P. Forbes, Esquire
Attorney for Plaintiff
Attorney I.D. #55767
200 Eagle Road
Suite 50
Wayne, PA 19087
(610) 293-9399
(610)293-9388 (Fax)
michael@mforbeslaw.com

# EXHIBIT A

03-12-2019

Sharon Cobb

349 Whitmiller road

Calvary Portfolio Services, LLC

500 Summit Lake Drive , Suite 400

Valhalla, NY 10595-1340

Re: Account

Dear Sir/Madam,

This letter is sent in respond to a letter received by you Calvary Portfolio Services, LLC. On 3-12-19 Please be advised this is not a refusal to pay, But a notice that your claim is disputed and validation is requested. Made pursuant to 15 USC 1692 g sec. 809 (b) of the FDCPA. I am requesting PROOF. This is not a request for "verification" or proof of my mailing address, But a request that your office provide r with Competent evidence that I have any obligation to pay you. I have notified you in writing within 3( day period and request you to Cease and Desist ALL future telephone communication whether throug my residence, Place of employment and or my neighborhood numbers, Please send ALL communicatic ONLY by Mail. If your office are able to provide the proper Documentation as requested in the followir Declaration, I will require 30 days to investigate this information. And please consider this debt is und( dispute. If it is found that there is no evidence of this alleged debt under my name, Then I request all financial institutions be made aware and all references to this Account must be deleted and complete removed from my credit file and a copy of such deletion requests shall be sent to me Immediately.

Debt Collector Declaration Please provide the following Declaration:

*A complete and detailed Accounting of alleged debt

*Agreement with your clients that grants you the Authority to collect on this alleged debt

*Agreement or Contract that bears my signature of the alleged debtor where in she agreed to pay the creditor

*Name and Address of alleged creditor

*Name and Account number on file for alleged debtor

*Amount and Date this alleged debt became payable

*Date of the original Charge Off or Delinquency



500 Summit Lake Drive, Suite 400
Valhalla, NY 10595-1340

Phone: (866) 434-2995
www.cavps.com



February 28, 2019

RE: Original Institution: Citibank, N.A.
Original Account No.:
Cavalry Account No.:
Current Creditor: Cavalry SPV I, LLC
Balance Due: $8171.87

Sharon S Cobb
349 Whitmiller Rd
Wyalusing, PA  18853-8456

Dear Sharon S Cobb:

Cavalry SPV I, LLC purchased the Citibank, N.A. account listed above and is now the creditor for the account. Cavalry SPV I, LLC has referred the account to Cavalry Portfolio Services, LLC ("Cavalry") for servicing.

Cavalry is committed to providing you with excellent customer service, which includes treating you in a fair and respectful manner. If at any time you feel that you have not been provided with excellent customer service, please call us at (800) 861-4760.

We understand that all of the account balance may not be repaid at this time. If some of the bill can be repaid, even if it is through a monthly payment plan, we would like to hear from you. We work with our customers to find affordable repayment arrangements. Please call us at (800) 861-4760 to discuss your repayment options.

Unless you notify Cavalry within thirty days after receiving this letter that you dispute the validity of this debt or any portion thereof, Cavalry will assume this debt is valid. If you notify Cavalry in writing within thirty days from receiving this notice that you dispute the validity of this debt or any portion thereof, Cavalry will obtain verification of the debt or a copy of a judgment, if applicable, and mail you a copy of such verification or judgment. If you request it from Cavalry in writing within thirty days after receiving this notice, Cavalry will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

Cavalry Portfolio Services, LLC

We may report information about your account to credit reporting agencies.



# EXHIBIT B

Please be advised, Your Claim Cannot and WILL NOT be considered if any portion above is not completed and returned with copies of ALL requested documents. Would be preferably required to be sworn to in a notarized affidavit by an eyewitness that can attest to the validity and not simply a presumption of such which would not satisfy the validation requirements, But would be a deceptive trade practice in and effecting commerce in violation of section (5) of the Federal Trade Commission Act

At this time, I will also need the Name and Address of the bonding Agent ( collection agency) Incase Legal Action Becomes Necessary . Thank you so much for your cooperation and I look forward to your respond.

Sincerely,

Sharon Cobb

# EXHIBIT C

TSAROUHIS LAW GROUP, LLC, OF COUNSEL TO GOLDBERG & ORIEL
ATTORNEYS AT LAW
21 S. 9TH STREET—SUITE 200, ALLENTOWN, PA 18102

May 7, 2019

Sharon S Cobb
349 Whitmiller Rd
Wyalusing PA 18853-8456

| | |
|---|---|
| Creditor: | Cavalry SPV I, LLC, as assignee of Citibank, N.A. |
| Original Creditor: | Citibank, N.A. |
| Amount Due: | $8,171.87 |
| Account Number: | ************2604 |
| Our Claim No.: | 194270 |

Dear Sharon S Cobb:

Please be advised that we have been retained to represent the above referenced Creditor for the amount due as set forth above.

Very truly yours,

DEMETRIOS H. TSAROUHIS

## NOTICE PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Unless you dispute the validity of this debt, or any portion thereof, within 30 days after receipt of this notice, the debt will be assumed to be a valid by our offices. If you notify our offices in writing within 30 days of receipt of this notice that the debt, or any portion thereof, is disputed, our offices will provide you with verification of the debt or copy of the Judgment against you, and a copy of such verification of judgment will be mailed to you by our offices. Within 30 days of receipt of this notice, if you request, in writing, the name and address of the original creditor, if different from the current creditor, this office will provide you with that information.